**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 05-20550-CR-LENARD/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ELVIS ISMEYER JIMENEZ-BELTRAN,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR REQUEST OF COURT RECORDS AND TO PROCEED PRO SE PURSUANT TO 28 U.S.C.A. § 753(f) AND § 1915 (a, e)**

This matter comes before the Court on Defendant's Motion for Request of Court Records and to Proceed Pro Se Pursuant to 28 U.S.C.A. § 753(f) and § 1915 (a, e) [D.E. 59]. No opposition was filed from the government. The Court has reviewed the file in this case and is otherwise fully advised.

Defendant has already been sentenced, and has previously moved for a copy of the docket sheet and copies of the transcripts for his status conference hearing and sentencing [D.E. 56]. On November 9, 2006, the Court granted Defendant's request for a copy of the docket sheet and denied copies of the transcripts, allowing Defendant to renew his motion, attaching a completed affidavit of indigency and a certified copy of his prison account for the six months preceding the filing of the motion. Defendant now renews his motion, again requesting the transcripts to identify the issues necessary to prepare his section 2255 motion.

Free transcripts can be ordered by a district court for persons permitted to sue or appeal in forma pauperis. 28 U.S.C. § 753(f). However, these transcripts are not available as a matter of course to an indigent applicant. *See United States v. MacCollom*,

426 U.S. 317, 325 (1976). Rather, transcripts may be paid by public funds if the court finds that the "suit . . . is not frivolous and the transcript is needed to decide the issues presented . . . ." 28 U.S.C. § 753(f); *MacCollom*, 426 U.S. at 325. Plaintiffs are not required to prove their claims in order to obtain a free transcript, but they must convince a district court that their claims are not frivolous. *Id.* at 326.

Moreover, it is settled in this Circuit that "an order directing the Clerk of any Court of the United States to furnish to a[n] indigent petitioner certified copies of records on file in his office, without prepayment of costs, may be made only by the Judge of the Court before whom an application for writ of habeas corpus, in forma pauperis, is pending." *United States of America v. Newsome*, 257 F. Supp. 201, 203 (N.D. Ga. 1966) (quoting *Poe v. United States, D.C.*, 229 F. Supp. 6 (1964)); *see, e.g., Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975); *United States v. Herrera,* 474 F.2d 1049, 1049-50 (5th Cir.), *cert. denied,* 414 U.S. 861 (1973); *Colbert v. Beto,* 439 F.2d 1130, 1131 (5th Cir. 1971); *Bennett v. United States,* 437 F.2d 1210, 1211 (5th Cir. 1971); *Walker v. United States,* 424 F.2d 278, 278-79 (5th Cir.1970); *see also Chapman v. United States,* 55 F.3d 390, 391 (8th Cir. 1995) (defendant was "not entitled to copies of transcripts at government expense in advance of filing [habeas corpus] suit"); *United States ex rel. Davidson v. Wilkinson,* 618 F.2d 1215, 1219 (7th Cir.1980) ("Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides the funds for a transcript . . . ."); *United States v. Horvath,* 157 F.3d 131, 132-33 (2nd Cir. 1998) ("We hold that a motion seeking transcripts pursuant to § 753(f) in relation to a contemplated § 2255 motion is not ripe until the § 2255 motion has been filed.").

There is no dispute here that Petitioner has not filed such a writ. Therefore, the statutory prerequisite for granting him the relief he now seeks is entirely premature. It is also clear that the government does not have to bear the cost of a transcript, even

though he is indigent, to allow defendant to review the record to determine if he has a basis with which to seek habeas relief. *E.g., Campbell v. United States,* 538 F.2d 692, 693 (5th Cir. 1976).

Furthermore, blanket requests for transcripts, without payment of costs, will not be sustained unless certain additional prerequisites are met. *Newsome*, 257 F. Supp. at 203. These additional prerequisites are:

> (a)  The allowance of a writ of habeas corpus of § 2255 proceeding in forma pauperis.
>
> (b)  An application to the court in which the proceeding is then pending.
>
> (c) A sufficient showing for that court to make a determination for the necessity of furnishing the desired record at public expense.
>
> (d) An order to the appropriate Clerk by the Court specifying the records to be furnished.

*Id.* Consequently, a court will not disburse public funds for transcript requests without a showing of need or without alleging specific facts to support a claim of denial of constitutional rights.

The pending motion, therefore, fails for two reasons: (1) a writ of habeas corpus in forma pauperis has not been filed, and (2) the petitioner has failed to proffer specific facts showing a need for the transcripts requested. Although Defendant has attached an affidavit verifying his indigency, Defendant's motion is too ambiguous and does not meet the prerequisites required by this district. Accordingly, Defendant is required to file a writ of habeas corpus in forma pauperis and make a more specific showing explaining the need for these materials so this Court can determine whether it is appropriate to fund these transcripts at the government's expense.

It is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Request of Court Records and to Proceed Pro Se Pursuant to 28 U.S.C.A. § 753(f), § 1915 (a, e) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:

The Honorable Joan A. Lenard

Elvis Ismeyer Jimenez-Beltran
Reg. # 65332-004
McRae Correctional Institution
P.O. Drawer 30
McRae, GA 31055

Warden Pugh
McRae Correctional Institution
100 Jim Hammock Drive
McRae, GA 31055